UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI GHIYASVAND,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  26-CV-1600 JLS (AHG)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Ali Ghiyasvand's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4).  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a citizen of Iran, alleges that she has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since March 17, 2025, when she entered the United States.  Pet. at 9.  Petitioner fled Iran due to persecution on the basis of her transgender identity.  *Id.* at 8.  Upon arrival, Petitioner applied for asylum, withholding of removal, and relief under the Convention Against Torture.  *Id.*  On January 15, 2026,

1

Petitioner was granted withholding of removal. *Id.* at 9. Petitioner's application for asylum was denied, "finding that the Circumvention of Lawful Pathways (CLP) Rule" barred her from asylum. *Id.* The CLP rule requires asylum applicants to use the CBP One app to apply for asylum. *Id.* Petitioner appealed this decision arguing that at the time she entered, the CBP One app was shut down permanently. *Id.* Petitioner now argues that her prolonged detention without a bond hearing violates due process. *Id.* at 20. Respondents concede that Petitioner should receive a bond hearing. Ret. at 2.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d

2

1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases).  In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal.  *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established she is entitled to a bond hearing, and Respondents do not oppose this relief.  Ret. at 2.  Petitioner's length of detention, over a year, without a bond hearing weighs in Petitioner's favor.  Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable.  *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 2025 WL 3154520, at *4 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.").  The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner's BIA appeal is ongoing and subject to a subsequent Ninth Circuit appeals process.  Pet. at 8–9.  Respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020).  Further, "[t]aking into consideration [the Court's] prior rulings and the length of time Petitioner has been in custody, the government concedes that [the] Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the

26-CV-1600 JLS (AHG)

community or a risk of flight." Ret. at 2. Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## I.     Attorney's Fees

Petitioner has requested costs and attorney's fees in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet. at 22. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no

hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.

The Parties **SHALL** file a Joint Status Report by April 13, 2026, informing the Court of the outcome of the hearing.

Lastly, Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within thirty (30) days of this Order, and Respondents are instructed to file any opposition within fourteen (14) days of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated:  March 20, 2026

Hon. Janis L. Sammartino
United States District Judge

5

26-CV-1600 JLS (AHG)